UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RENATO PEREIRA,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 26-10008-FDS |
| **ANTONE MONIZ, et al.,** | ) ) ) | |
| Respondents. | ) ) ) | |

### ORDER SETTING DEADLINE FOR AMENDMENT OF PETITION

**SAYLOR, J.**

On January 2, 2026, petitioner filed, through counsel, a petition for a writ of habeas corpus. In their response, respondents identified certain deficiencies in the petition, most notably the absence of plausible factual allegations sufficient to support a claim for relief. (*See* Dkt. No. 2 at 4-5).

It is unclear whether the Rules Governing Section 2254 Cases apply to a petition brought under 28 U.S.C. § 2241. *Cf. Vieira v. Moniz*, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020). Nonetheless, Rule 8 of the Federal Rules of Civil Procedure, which "govern the procedure in all civil actions and proceedings in the United States district courts," Fed. R. Civ. P. 1, clearly applies in this matter. Rule 8 requires that a pleading contain, at a minimum, "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought." Fed. R. Civ. P. 8.

The petition fails to meet that standard. It includes only threadbare recitals that petitioner "entered the United States around April 2021 in Arizona"; that he was "recently apprehended by

immigration officials"; and that he was "unlawfully detained" at that time. (Pet. ¶¶ 1-2). It also includes allegations that "Petitioner expects that Respondents will declare he is detained pursuant to 8 U.S.C. § 1225 as an applicant for admission and impose mandatory detention," and that "Petitioner believes he is eligible for bond based on 8 U.S.C. § 1226," but does not include plausible factual allegations to support that legal conclusion. (*Id.* ¶¶ 16-17). Furthermore, the claim for relief is based only on an alleged violation of petitioner's Fifth Amendment due-process right, not on any statutory violation. (*Id.* ¶ 18).

To be sure, as petitioner suggests, some information relevant to his claim may be uniquely in the possession of respondents, and a failure to include specific allegations concerning that information is not a basis on which to deny a petition. (Dkt. No. 8 at 3). But in its current form, the petition does not include sufficient factual allegations to allow this court to issue a writ of habeas corpus.

For those reasons, the petition for writ of habeas corpus will be DENIED, effective February 4, 2026, unless petitioner files an amended petition by that date. Such an amended petition shall clearly allege, at a minimum: (1) petitioner's citizenship and nationality; (2) the circumstances of his entry into the United States in April 2021, including whether it occurred at a port of entry, whether he was encountered by immigration officials, and any information or documentation he received concerning the terms on which he was released into the United States; (3) whether petitioner has remained in the United States continuously since his entry in April 2021; and (4) a prayer for relief that clarifies whether petitioner claims that the writ should issue based on a violation of his Fifth Amendment due-process rights, as the original petition suggests, or whether he also alleges a statutory violation as a basis for issuing the writ.

Any such amended petition shall be filed within 14 days (that is, by February 4, 2026). Failure to do so will result in the denial of the petition.

**So Ordered.**

Dated:  January 21, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge