UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RENATO PEREIRA,** ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 26-10008-FDS |
| ) | |
| **ANTONE MONIZ, et al.,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings. Petitioner Renato Pereira is a Brazilian national who entered the United States on or around April 21, 2021, near San Luis, Arizona, at which time he was encountered by immigration officials and released into the country on recognizance.

Recently, petitioner was arrested and taken into ICE custody, apparently pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). He contends that his continued detention without an individualized bond hearing violates his procedural due-process right and is not authorized by statute.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I.  **Background**

Renato Pereira, a Brazilian citizen, entered the United States on or about April 27, 2021, near San Luis, Arizona. (Pet. ¶ 8; Notice to Appear at 1, Dkt. No. 11-1). At that time, he was encountered by immigration officials, who issued a Notice to Appear charging him as inadmissible. (Am. Pet. ¶¶ 8-9). He was then released into the country on an Order of Release on Recognizance. (*Id.* ¶ 10). He has resided in the United States continuously since his entry. (*Id.* ¶ 12). His next immigration court hearing is scheduled for February 17, 2026. (*Id.* ¶ 16).

On January 2, 2026, ICE took Pereira into custody following a check-in at ICE's field office in Burlington, Massachusetts. (*Id.* ¶ 14). He is currently detained at Plymouth County Correctional Facility in Plymouth, Massachusetts, and he has not received a bond hearing since he was detained. (*Id.* ¶ 15).

The respondents are Antone Moniz, Superintendent, Plymouth County Correctional Facility; Patricia Hyde, New England Field Office Director, U.S. Immigration and Customs Enforcement; Michael Krol, New England Special Agent in Charge, Homeland Security Investigations for U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, U.S. Secretary of Homeland Security. (*Id.* ¶¶ 29-33).

On January 5, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 5 at 2-3). Respondents opposed the petition on January 7, 2026. (Dkt. No. 7).

On January 21, 2026, the Court ordered petitioner to amend his petition to include sufficient factual allegations to allow the Court to consider his claim for relief. (Dkt. No. 10).

Petitioner filed an amended petition on February 3, 2026. (Dkt. No. 11). Respondents filed a response to that petition on February 4, 2026, in which they conceded that "this case is

2

materially similar to [*De Andrade v. Moniz*]," and that "[s]hould the Court apply the reasoning of [*De Andrade*], . . . it would likely reach the same result here." (Dkt. No. 12 at 3).

## II.     Analysis

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he was detained in Massachusetts; was not placed in expedited removal proceedings; was neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States.  *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025).  It is unclear what precise effect the declaratory judgment in that case has on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has collateral estoppel effect here.  But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the

detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

### III.  Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally-adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than February 12, 2026.

**So Ordered.**

                                                  /s/  F. Dennis Saylor IV
                                                  F. Dennis Saylor IV
Dated: February 5, 2026                  United States District Judge